In the Matter of the Claim of HARRY NEWIRTH, Respondent, against LA PIDUS PRINTING & LITHOGRAPHING Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and its insurance carrier from the decision and award of the Workmen's Compensation Board dated March 20, 1947, to the effect that an occupational disease has been established under paragraph 28 of subdivision 2 of section 3 of the Workmen's Compensation Law, and from a decision of the reviewing panel of the Workmen's Compensation Board, dated November 18, 1946, reversing the decision of the hearing referee, dated April 9, 1946, which decision disallowed the claim. Claimant was employed as a bookbinder working on folding machines which required him to turn his head to the right continuously while in the act of loading the machine. Prior to April 16, 1943, the day he became disabled, claimant was put to work on a single machine in connection with a "very fast job" which required him to increase the number of movements of his head in performing his work. The issue arose as to whether the disease was functional or organic. The board found that the condition was that of spasmodic functional torticollis. The evidence sustains the finding of the board. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Brewster, Foster, Russell and Deyo, JJ.

In the Matter of the Claim of WILLIAM REDMAN, Respondent, against MICHAEL IACULLI et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and insurance carrier from an award made by the Workmen's Compensation Board for 100% loss of claimant's right eye. At the time of the accident the claimant had light perception only in that eye. The accident necessitated its enucleation. Whether or not the evidence supports the finding that prior to the accident the claimant had "useful vision" in his right eye it is conceded that the accident necessitated its removal. The claimant therefore suffered the permanent loss of a member and is entitled to the schedule award. (See *Matter of Riegle* v. *Fordon*, 273 App. Div. 213, decided herewith.) Award affirmed, with costs to the Workmen's Compensation Board. Hill, P. J., Foster, Russell and Deyo, JJ., concur; Brewster, J., dissents.

In the Matter of the Claim of JOHN ANTONIAZZI, Respondent, against CITY OF NEW YORK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respond-

ent.— Appeal from an award to be paid from the fund for reopened cases under section 25-a. Claimant was injured on January 10, 1934. An award was made for three and a half weeks disability ending June 18, 1934, and the case was closed on September 5, 1935. Case was reopened February 27, 1942. Section 123 of the Workmen's Compensation Law does not apply because at the earlier hearing an award was made. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Brewster, Foster, Russell and Deyo, JJ.